UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAVIA WAGNER,**

        **Plaintiff,**

**v.**                                              **Case No: 6:22-cv-2018-CEM-EJK**

**KING-SMART-1 LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Entry of Default (the "Motion"), filed March 17, 2023. (Doc. 18.) Therein, Plaintiff seeks default against Defendant King-Smart-1 LLC. (*Id.*) Upon consideration, the Motion is due to be granted.

**I. BACKGROUND**

Plaintiff instituted this action against Defendant on December 30, 2022. (Doc. 13.) Then, on January 3, 2023, Plaintiff served Defendant by leaving a copy of the summons and the Complaint with Gedeon Eglaus at 7010 Lake Long Drive, Orlando, Florida 32818. (Doc. 14.) Because Defendant failed to answer or otherwise respond to the Complaint within 21 days of service, Plaintiff filed the instant Motion. (Doc. 18.)

**II. LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III.   DISCUSSION

Defendant has not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendant. For corporate defendants, the Federal Rules of Civil Procedure provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Similar to individuals, a corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1).

The Florida Statutes permit process to be served on limited liability companies by serving the business entity's registered agent. *See* Fla. Stat. § 48.062. To that end, if

the address for the registered agent is a residence, § 48.062(4) of the Florida Statutes permits Plaintiff to serve that officer in accordance with Florida Statute § 48.031, which allows service at an individual's usual place of abode with any person residing therein who is 15 years of age or older.[1]

According to Florida's Division of Corporation,[2] Defendant's registered agent is Mr. Josue Eglaus, whose address is listed as 7010 Lake Long Drive, Orlando, Florida 32818. This is a residential address, and thus, pursuant to Florida Statutes §§ 48.062(4), Defendant can be served there.

The Affidavit of Service indicates that Defendant was served by leaving a copy of the summons and Complaint with Gedeon Eglaus at 7010 Lake Long Drive, Orlando, Florida 32818. (Doc. 14.) Therein, Gedeon Eglaus is described as "co-resident [at 7010 Lake Long Drive, who is] 15 years of age or older." (*Id.*) The service

---

[1] Florida Statute § 48.031(1)(a) states that service on an individual may be made:

> by delivering a copy of [the summons] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

[2] *Detail by Entity Name of King-Smart-1 LLC*, Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty pe=EntityName&directionType=Initial&searchNameOrder=KINGSMART1%20L2 10003544940&aggregateId=fla1-l21000354494-47cf0ae2-c0bb-4d1c-b37b-39515d79c648&searchTerm=King-Smart-1%20LLC&listNameOrder=KINGSMART1%20L210003544940 (last visited March 23, 2023).

processor also indicated that he informed Gedeon Eglaus that he was serving a copy of the summons and the Complaint. (*Id.*) Therefore, service on Defendant was effective under Florida law. Because more than 21 days have elapsed since Defendant has been served, default is due to be entered. Fed. R. Civ. P. 12(a)(1)(A).

**IV.   CONCLUSION**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Clerk's Entry of Default (Doc. 18) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against Defendant King-Smart-1 LLC.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE